IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-02718-LTB-MJW

PATRICIA SWART,

    Plaintiff,

v.

STATE OF COLORADO DEPARTMENT OF CORRECTIONS;
NOBLE WALLACE; and
JOAN SHOEMAKER,

    Defendants.

___

ORDER
___

    This case is before me on Defendant State of Colorado Department of Corrections' (the "DOC") Motion to Dismiss Plaintiff's Second and Third Claims for Relief [Doc # 14]. After consideration of the motion, all related pleadings, and the case file, I grant the motion in part and deny it in part for the following reasons.

**I. Background**

    In this employment discrimination action, Plaintiff's original Complaint asserted claims against the DOC for violation of Title VII (First Claim for Relief); violation of the ADA (Second Claim for Relief); and violation of her due process rights (Third Claim for Relief). Plaintiff's First Amended Complaint, which was accepted for filing on December 22, 2008, added the remaining Defendants as parties, as well as a claim for violation of the Colorado Anti-Discrimination Statute.

    Although Plaintiff devotes a significant portion of her response to the DOC's motion

arguing the merits of her First Amended Complaint, these arguments have no bearing on the issues raised by the DOC's motion. These issues are (1) whether Plaintiff's ADA claim against the DOC is barred by the Eleventh Amendment; and (2) whether Plaintiffs' due process claim against the DOC is barred by the Eleventh Amendment and Section 1983 case law.

## II. Standard of Review

### A. Rule 12(b)(1) Legal Standard

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller,* 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). In considering a motion to dismiss under Rule 12(b)(1), I have wide discretion to consider evidence outside the pleadings. *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995). Such consideration does not ordinarily convert the motion to a summary judgment motion under Fed. R. Civ. P. 56. *Id.*

### B. Rule 12(b)(6) Legal Standard

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim tp relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (internal quotations omitted). Although a plaintiff must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action . . . [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ...

2

claim is and the grounds upon which it rests." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations omitted).

### III. Analysis

### A. Plaintiff's ADA Claim Against the DOC

In *Bd. of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356 (2001), the Supreme Court held that federal suits by state employees to recover money damages for alleged ADA violations by the state are barred by the Eleventh Amendment. Under the arm-of-the-state doctrine, Eleventh Amendment immunity extends to entities created by state governments that operate as alter egos or instrumentalities of the state. *Sturdevant v. Paulsen,* 218 F.3d 1160, 1164 (10th Cir, 2000).

Plaintiff attempts to defeat the DOC's immunity defense to her ADA claim through reliance on 29 U.S.C. § 794, a provision of the Rehabilitation Act which generally prohibits discrimination against persons with disabilities by federally funded programs. Plaintiff argues that since the DOC receives substantial federal funding it is not entitled to immunity on her ADA claim under the Eleventh Amendment.

Not surprisingly, Plaintiff has cited no authority for the proposition that this provision of the Rehabilitation Act is applicable to claims under the ADA or that it overrides the clear holding of *Garrett* that states are immune to ADA claims for money damages by employees. I therefore conclude that Plaintiff's reliance on 29 U.S.C. § 794 is misplaced and that her claim against the DOC for money damages under the ADA is barred by the Eleventh Amendment. However, Plaintiff's ADA claim against the DOC is not barred to the extent that she seeks relief other than money damages.

3

**B. Plaintiff's Section 1983 Claim Against the DOC**

In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989), the Supreme Court held that a state is not a "person" under 42 U.S.C. § 1983, which provides that any person who deprives an individual of his or her constitutional rights under color of state law shall be liable to that individual. Accordingly, as Plaintiff concedes, Plaintiff's Section 1983 claim must fail to the extent that Plaintiff seeks to recover money damages from the DOC. Again however, Plaintiff's Section 1983 claim against the DOC survives the DOC's motion to the extent that she seeks other forms of relief.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The DOC's Motion to Dismiss Plaintiff's Second and Third Claims for Relief [Doc # 14 is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's Second Claim for Relief under the ADA is DISMISSED WITH PREJUDICE to the extent that Plaintiff seeks to recover money damages from the DOC;

3. Plaintiff's Third Claim for Relief under Section 1983 is DISMISSED WITH PREJUDICE to the extent that Plaintiff seeks to recover money damages from the DOC; and

4. The DOC's motion is DENIED to the extent that Plaintiff seeks relief other than money damages against the DOC on her Second and Third Claims for Relief.

Dated: January   30  , 2009 in Denver, Colorado.

                                          BY THE COURT:

                                            s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, JUDGE